IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVONTE' DION McGEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00391 |
| JUDGE DEE GAY, et al., | ) Judge Trauger |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Stevonte' McGee, an inmate in the Sumner County Jail in Gallatin, Tennessee, has filed a pro se civil complaint (Doc. No. 1) and an application to proceed in district court in forma pauperis (IFP), without prepaying the filing fee. (Doc. No. 2.) However, the court cannot consider these filings due to the deficiencies discussed below.

First, with respect to the plaintiff's IFP application, prisoners bringing civil lawsuits may pay the filing fee in installments over time via an assessment against the prisoner's trust account, rather than in a lump sum at the time of filing, if the prisoner submits a properly supported IFP application to establish that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) and (b). A properly supported IFP application consists of an affidavit of poverty accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each facility in which the plaintiff has been confined during that 6-month period. *Id.* § 1915(a)(1)–(2). The plaintiff's IFP application lacks the required inmate trust fund account statement. Accordingly, that application (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to the plaintiff's filing of a second, properly supported application.

Second, the court notes that a cursory review of the complaint reveals its inadequacy. The rules governing pleading in federal court require that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But that short and plain statement of the claim must be supported by "sufficient factual matter, accepted as true," to plausibly claim a right to relief from Defendants. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint's factual allegations must be "sufficient to give notice to the defendant as to what claims are alleged," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), and to enable the Court to determine the viability of those claims. Here, the plaintiff purports to sue multiple defendants for "violation [of] fiduciary oath," "tampering with evidence," "breach of contract," and "manipulation of rights," and claims that he has not had a fair hearing, that he has suffered a "civil wrong," and that he should be awarded "$75,000 +". (Doc. No. 1 at 5.) But these are legal conclusions, not factual allegations. The complaint is utterly devoid of factual material which would enable the Court to analyze its viability under the standards discussed above.

If Plaintiff is to maintain this action, he must address the deficiencies identified in this order. The Clerk of Court is **DIRECTED** to mail the plaintiff a new IFP application (short form) and a form for filing a civil rights complaint. To proceed with his lawsuit, the plaintiff **MUST** either pay the $402 filing fee[1] in full or complete the IFP application and return it to the court with the required certified trust account statement. The plaintiff's payment or supported application must be received in this court within **30 DAYS** of the date this order is entered on the docket and

---

[1] Title 28 U.S.C. § 1914 requires a civil filing fee of $350 plus "such additional fees . . . as are prescribed by the Judicial Conference of the United States." § 1914(a) and (b). The Judicial Conference has prescribed a $52 administrative fee for filing any civil case, which does not apply to cases in which the plaintiff is granted leave to proceed IFP. Accordingly, plaintiffs who are not granted pauper status are liable for a $402 fee, while those who are granted pauper status are only assessed $350.

2

Case 3:21-cv-00391   Document 4   Filed 05/27/21   Page 2 of 3 PageID #: 12

must include the docket number assigned to this case: **No. 3:21-cv-00391**. Also within 30 days, the plaintiff must file an amended complaint using the complaint form provided by the Clerk, which must address the deficiency identified above and include the docket number assigned to this case.

The plaintiff is cautioned that if he does not comply with this order within the time frame specified, or if he fails to promptly notify the court of any change in his address, this action may be dismissed for failure to prosecute and for failure to comply with the court's order.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

3

Case 3:21-cv-00391   Document 4   Filed 05/27/21   Page 3 of 3 PageID #: 13