IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVONTE' DION McGEE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00391 ) Judge Trauger |
| JUDGE DEE GAY, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Stevonte' McGee, a pretrial detainee in the custody of the Sumner County Jail in Gallatin, Tennessee, filed a pro se civil complaint and an application for leave to proceed in forma pauperis (IFP) on May 14, 2021. (Doc. No. 1.) The court found the IFP application deficient and denied it without prejudice. (Doc. No. 4.) In addition, the court found that the complaint lacked sufficient factual allegations to permit judicial review and ordered the plaintiff to file an amended complaint. (*Id.*)

The plaintiff thereafter paid the civil filing fee and, on June 28, 2021, filed his amended complaint. (Doc. No. 7.) He subsequently filed an amended IFP application on August 3, 2021 (Doc. No. 9), though it appears the intent of that application was to demonstrate his financial inability to hire counsel; in his cover letter, the plaintiff specifies that his family paid the filing fee and asks the court to appoint counsel to assist him in this case. (Doc. No. 9-1.)

The case is now before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## I. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915A, the court must conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and must dismiss the complaint or any portion thereof if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608,

613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

B.  **Section 1983 Standard**

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

C.  **Allegations and Claims**

The plaintiff sues Sumner County Judge Dee Gay, Hendersonville Police Detective James Bachman, fifteen other unnamed detectives, Sumner County prosecutor Thomas Dean, and his own defense attorneys, Bruce Henley and Mike Anderson, all in both their individual and official capacities. (Doc. No. 7 at 2–5.) He alleges that Judge Gay "is in violation of his fiduciary oath"; that Judge Gay in combination with defense attorney Anderson has limited the plaintiff's speaking in court; and that Judge Gay has denied every motion the plaintiff has filed, delayed granting him a trial, refused to grant him a new defense attorney, held the plaintiff in contempt "because he didn't like what [the plaintiff] was saying," stopped allowing the plaintiff's relatives in the courtroom, and has been intemperate in dealing with people who come to his court. (*Id.* at 7.)

The plaintiff alleges that Dean, Detective Bachman, and fifteen other detectives tampered with the evidence against him, but that "Bachman is primarily responsible for the tampered

3

evidence." (*Id.* at 5, 6.) The basis of this tampering charge appears to be that, while "no photo was originally a part of [the case against the plaintiff]," a "draft photo and other circumstances of my case was attached to my case after being bound over." (*Id.* at 6.) He further alleges that he and his family were stalked and harassed by detectives, and that Bachman has made statements that he subsequently contradicted. (*Id.*) He claims that Bruce Henley, his former defense attorney,[1] is guilty of "[m]anipulation of rights" and told him that "if [he] waived [his] rights it would keep [him] out of jail." (*Id.* at 5, 6.)

The plaintiff claims that his current defense attorney, Anderson, is misrepresenting him and has breached the contract between them. (*Id.* at 5, 7.) He further alleges that he is being fraudulently charged "$779 for a public defender" despite his indigence, as that amount was billed to his inmate trust account as "general session fees" even though has had only been to general sessions court four times in two years. (*Id.* at 6.)

The plaintiff alleges that his injuries include "[e]motional distress[ ] and paranoia" from being harassed and stalked; "[d]efamation of character"; and "[n]o medical treatment." (*Id.* at 5.) As relief, he seeks a federal investigation of "Judge Gay, defendants, and the entire Sumner County judicial system"; "to be rewarded [as] the courts see fit"; for all defendants to be federally prosecuted; and for a "speedy court date" to be set. (*Id.*)

**D.   Analysis**

The allegations of the amended complaint do not support any plausible claim to relief against the defendants named therein, for reasons explained below.

---

[1] *See* Doc. No. 5 at 2, Sumner County General Sessions Court Order date June 26, 2019, appointing Bruce Henley as counsel.

4

Case 3:21-cv-00391   Document 10   Filed 10/05/21   Page 4 of 10 PageID #: 55

1. Judge Gay and Thomas Dean

The plaintiff has sued a state judge and prosecutor,[2] seeking monetary and injunctive relief. However, neither form of relief is available against these defendants based on the plaintiff's allegations.

To begin with, both defendants are immune from the plaintiff's damages claim under Section 1983. A suit for damages against a state employee in his official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.[3] Any official-capacity claims for damages against these defendants are therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

Moreover, both defendants enjoy absolute immunity from suit on individual-capacity claims. It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy

---

[2] State law establishes the eighteenth judicial district (serving Sumner County) and provides for its trial court judges, district attorney general, and assistant district attorneys general. Tenn. Code Ann. § 16-2-506(18).

[3] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. 71 n.10 (citation and internal quotation marks omitted).

5

absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). The plaintiff does not allege that either defendant acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions in a biased or wrongful way. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554. Accordingly, the claims against the defendants in their individual capacities is subject to dismissal.

To the extent that the plaintiff's request for a "speedy court date" amounts to a claim against these defendants in their official capacity for injunctive relief, that claim must also fail. Although official-capacity claims for injunctive relief against state officials are not precluded by the Eleventh Amendment, Section 1983 itself states that "injunctive relief shall not be granted," except in circumstances not present here, against a judicial officer such as Judge Gay "for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983. Moreover, to the extent that the plaintiff requests an order directing Dean to proceed to trial against the plaintiff, it is clear that a federal court should not interfere with pending state court criminal proceedings but must abstain from enjoining such proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger*

6

*v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). All three factors are present in this case, as state criminal proceedings against the plaintiff are still pending; such proceedings undoubtedly implicate important state interests; and the state courts would presumably hear any claims invoking his rights to a speedy trial. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000).

Although an exception to this rule of abstention is made where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), this exception is narrow, and will not be triggered by mere allegations of bad faith or harassment. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In the case at bar, there is no allegation that the plaintiff will be greatly, immediately, and irreparably injured if ongoing state proceedings are not enjoined. He has not alleged that his is the extraordinary case where the defendants have proven to be proceeding against him despite having no hope of obtaining a valid conviction. The plaintiff therefore fails at this time to state an actionable claim for injunctive relief.

Finally, even if the amended complaint could be liberally construed as a petition for habeas relief under 28 U.S.C. § 2241 to vindicate the plaintiff's speedy trial rights, the court would have to abstain from considering his request for relief because of his failure to show that all available state procedures to redress the claimed speedy trial violation have been exhausted, and that the resulting prejudice to his defense could not be resolved at trial. *See Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) ("[A]lthough 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts

abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures.") (citing *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981)). It is only in such extraordinary circumstances—where there is a threat of irreparable injury that is both "great and immediate," *Younger v. Harris*, 401 U.S. 37, 45–46 (1971)—that federal intrusion into ongoing state criminal proceedings may be warranted. *Atkins*, 644 F.2d at 546. No such extraordinary circumstances are apparent from the complaint in this case.

   2.   Defense Attorneys Bruce Henley and Mike Anderson

The plaintiff cannot proceed against his defense attorneys under Section 1983. Criminal defense attorneys, whether private practitioners or public defenders, are not proper defendants to an action under Section 1983 because they do not act under color of state law when performing "traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, this action is not the proper vehicle for the plaintiff's claims related to Henley's alleged "manipulation of rights" and Anderson's poor performance and potential breach of the contract of representation.

   3.   Detective Bachman; Fifteen Unnamed Detectives

While the plaintiff's allegations against Detective Bachman are less than clear, he appears to claim that Bachman tampered with the evidence against him by including a "draft photo" in evidence after the plaintiff waived preliminary examination and the case was bound over to the grand jury. (*See* Doc. No. 7 at 6; Doc. No. 5.) The plaintiff may eventually (if criminal proceedings terminate in his favor) be able to assert a viable Section 1983 claim against Bachman based on tampering with or falsifying evidence prior to submission of the case to the grand jury, under a malicious-prosecution theory. *See King v. Harwood*, 852 F.3d 568, 590 (6th Cir. 2017)

8

Case 3:21-cv-00391   Document 10   Filed 10/05/21   Page 8 of 10 PageID #: 59

(recognizing continuing viability of "malicious-prosecution claims against law-enforcement officers who set a prosecution in motion or who falsify or fabricate evidence") (citing, *e.g.*, *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1242 (9th Cir. 2015) (finding that immunity for officer who testifies as a witness does not extend to "non-testimonial acts, such as tampering with documentary or physical evidence")); *Spurlock v. Satterfield*, 167 F.3d 995, 1004 (6th Cir. 1999) (holding that officer who allegedly "fabricated probable cause" was not entitled to immunity from malicious-prosecution suit). But such a claim cannot be pursued while the criminal prosecution is ongoing. *See King*, 852 F.3d at 578–79 (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings").

Moreover, the amended complaint against the unnamed detectives is completely devoid of factual content that would lend support to the bare allegation that they stalked and harassed the plaintiff and his family members, or that they engaged in evidence-tampering. The claims against these defendants are therefore subject to dismissal for failure to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint does not state a plausible claim if it tenders "naked assertions devoid of further factual enhancement," or "mere conclusory statements"). For the same reason, the vague, extraneous references in the amended complaint to "no medical treatment" (Doc. No. 7 at 5) and to officers "standing over [the plaintiff] while [he] was sleeping" (*id.* at 10) do not suffice to raise any viable claim concerning the conditions of his confinement.

Finally, the plaintiff is not entitled under any theory to a federal investigation of the Sumner County court system or the federal prosecution of any defendant. *See Peek v. Mitchell*, 419 F.2d

575, 577 (6th Cir. 1970) (holding that institution of federal investigation and prosecution is a matter within the discretion of the U.S. Attorney General and U.S. Attorney, and that awarding such relief in a civil rights lawsuit "is beyond the power of th[e] Court"). Nor would it be proper for this court to entertain the matter of costs improperly taxed to the plaintiff by the Sumner County court for his appointed attorney.

In sum, the complaint fails to state a viable claim to relief under Section 1983 and must therefore be dismissed. Because no federal claims remain, the court in its discretion declines to exercise supplemental jurisdiction over any state law claims for defamation, breach of contract, or fraud related to court fees, and dismisses those claims without prejudice. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

### III. Conclusion

In light of the foregoing, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief can be granted. The plaintiff's state law claims are dismissed without prejudice to his right to pursue them in state court.

In light of the dismissal of this action, the plaintiff's amended IFP application/motion to appoint counsel (Doc. No. 9) is **DENIED** as moot.

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge